UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUINCEY B. CARPENTER                                                PLAINTIFF

V.                                         CIVIL ACTION NO. 3:25-CV-98-KHJ-MTP

UPS WORLD HEADQUARTERS, et al.                                    DEFENDANTS

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [5] Report and Recommendation. The [5] Report recommends dismissing this case without prejudice for pro se Plaintiff Quincey B. Carpenter's failure to comply with court orders. [5] at 2. The Court adopts the [5] Report and dismisses this case without prejudice.

On February 10, 2025, Carpenter sued the defendants in this case for violations of the First and Fourteenth Amendments and for violating a "Disability Act." [5] at 1; Compl. [1] at 5. He alleged no facts about the defendants' conduct and provided a deficient application to proceed *in forma pauperis*. [5] at 1. The Court twice ordered Carpenter to amend his [1] Complaint and file a long-form IFP application. *Id.*; *see also* Order [3]; Order to Show Cause [4]. Carpenter has not amended his [1] Complaint or filed the long-form IFP application. Given Carpenter's failure to comply with the Court's [3, 4] Orders, the Magistrate Judge recommended that this action be dismissed without prejudice under Federal Rule of

Civil Procedure 41(b). [5] at 2. The Court's [4] Order to Show Cause and [5] Report were later returned as undeliverable. *See* Envelope [6]; Envelope [7].

The Court must review de novo a Magistrate Judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

No party has objected to the [5] Report, and the time to do so has now passed. *See* § 636(b)(1). Under the Court's local rules, "every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." L.U. Civ. R. 11(a); *see also* [1] at 7 (acknowledging that failure to keep current address on file with Clerk's Office may result in dismissal). Carpenter has not notified the Court of any changes to his address, so the Court finds that Carpenter was served with the [5] Report when it was mailed to his last known address on March 25. *See* Fed. R. Civ. P. 5(b)(2)(C).

Finding the [5] Report neither clearly erroneous nor contrary to law, the Court ADOPTS the [5] Report and DISMISSES this case WITHOUT PREJUDICE.[1] In doing so, the Court has considered all arguments raised. Those arguments not

---

[1] From the [1] Complaint, it appears that Carpenter attempted to allege several 42 U.S.C. § 1983 claims. *See* [1] at 4–5. Carpenter alleges that the events giving rise to his claims first occurred in November 2023, *id.* at 5, and the statute of limitations for Section 1983 claims in Mississippi is three years. *Johnson v. Miller*, 126 F.4th 1020, 1028 (5th Cir. 2025). So dismissing this case will not prejudicially harm Carpenter. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 16th day of May, 2025.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE